DENISE M. MINGRONE (SBN 135224)
dmingrone@orrick.com
ROBERT URIARTE (SBN 258274)
ruriarte@orrick.com
MARIA N. SOKOVA (SBN 323627)
msokova@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025-1015
Telephone: +1 650 614 7400
Facsimile: +1 650 614 7401

Attorneys for Plaintiff
SYNOPSYS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SYNOPSYS, INC.,

Plaintiff,

v.

University of Rhode Island, and DOES 1-10, inclusive,

Defendants.

Case No.

**COMPLAINT FOR VIOLATION OF DIGITAL MILLENNIUM COPYRIGHT ACT 17 U.S.C. §§ 1201, *ET SEQ.***

**DEMAND FOR JURY TRIAL**

Plaintiff Synopsys, Inc. ("Synopsys") hereby brings this Complaint against Defendant University of Rhode Island ("URI") for circumventing technological measures that effectively control access to Synopsys software in violation of the Digital Millennium Copyright Act, 17 U.S.C. §§ 1201, et seq. (the "DMCA"). Synopsys seeks injunctive relief, statutory and/or actual damages, attorneys' fees and costs, an accounting, and any such other relief as the Court may deem proper. Synopsys alleges the following based on personal knowledge, unless indicated as on information and belief.

**PARTIES**

1. Plaintiff Synopsys is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Mountain View, California.

2. Defendant URI is s a public land grant research university with its main campus in Kingston, Rhode Island.

3. Plaintiff does not presently know the true names and capacities of the defendants sued herein as Does 1 through 10, inclusive. Plaintiff may seek leave of court to amend this Complaint to allege said defendants' true names and capacities once it ascertains this information.

**JURISDICTION AND VENUE**

4. The Court has federal-question subject matter jurisdiction under 28 U.S.C. § 1331 because the federal courts are vested with exclusive jurisdiction in copyright cases and actions arising under the Digital Millennium Copyright Act, 17 U.S.C. §§ 1201, *et seq*. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 (Federal Question Jurisdiction).

5. This Court has personal jurisdiction over URI because URI consented to personal jurisdiction in federal and state courts within the Northern District of California under its agreements with Synopsys.

6. Venue in this district is appropriate under 28 U.S.C. §§ 1391 and 1400 because, on information and belief, a substantial part of the events giving rise to the dispute occurred within this district.

**FACTUAL ALLEGATIONS**

**General Background**

7. As modern electronic devices become more and more compact and powerful, they use increasingly sophisticated computer processor chips. When designing a computer processing chip, the stakes are enormous. Chip designers need software that will ensure that their complex designs will work flawlessly. Accordingly, chip designers require extremely robust and powerful computer software to design and test those chips. Many of the world's biggest and most important chip design companies turn to Synopsys for that software.

8. Since it was founded in 1986, Synopsys has been a leading provider of Electronic Design Automation ("EDA") solutions for the semiconductor industry. EDA generally refers to using computers to design, verify, and simulate the performance of electronic circuits. For more than 30 years, Synopsys' solutions have helped semiconductor manufacturers and electronics companies design, test, and manufacture microchips and electronic systems for a wide range of products. Headquartered in Mountain View, California, Synopsys is the fifteenth largest software company in the world and currently employs over 14,000 employees worldwide. Synopsys has developed a comprehensive, integrated portfolio of prototyping, IP, implementation, verification, manufacturing, optical, field-programmable gate array, and software quality and security solutions.

9. Synopsys EDA software applications, including its HSPICE tool, are creative and original works subject to copyright protection under Title 17 of the United States Code. Synopsys has invested hundreds of millions of dollars and enormous amounts of time and effort into the research, development, design, and refinement of the software at issue in this case. Such investment is necessary to maintain Synopsys' place as a leader in the competitive EDA industry, and to continue to provide leading circuit and chip manufacturers with cutting-edge design technology.

10. Synopsys does not sell ownership rights or copyrights or other intellectual property rights to its EDA software and associated services. Instead, Synopsys customers purchase licenses. These licenses grant Synopsys customers limited rights to install Synopsys EDA

software and to access and use specific Synopsys software programs subject to control by Synopsys' License Key system, which is a built-in security system that controls access to its licensed software by requiring a user to access a key code provided by Synopsys in order to execute the licensed software. This key code controls the quantity and term of the licensed software in accordance with the license terms. Synopsys controls access to and use of its license key files through Synopsys' proprietary license server software, which is licensed to customers along with Synopsys' EDA applications.

11. To protect its valuable intellectual property, Synopsys has incorporated into its software technological measures that control access to the software. Synopsys' access controls, in the ordinary course of operation, ensure that Synopsys EDA applications cannot be used without appropriate license keys. Synopsys is the sole source of legitimate license keys, which it provides to licensed users of its software.

12. Each customer needs a license key file to execute Synopsys tools. The license key file contains information that allows Synopsys' license key system to determine whether the customer is authorized to execute specific Synopsys EDA applications.

13. Synopsys offers an academic program that provides qualified university and research institutions with licenses to Synopsys' software tools and technology. Synopsys' academic program helps train highly skilled graduates who can meet difficult challenges ranging from electronic and optical design to static analysis for software quality and security. Institutions who participate in Synopsys' academic program receive special pricing for licenses for academic use.

14. According to its website, URI offers undergraduate and Ph.D. programs in Electrical Engineering and various computer science domains. On information and belief, URI's curriculum includes training students using EDA software.

**URI's End User License Agreement**

15. On March 8, 2006, URI entered into a University End User Software License Agreement with Synopsys ("EULA"). The EULA governs URI's use of Synopsys' intellectual property.

16. Because URI is an educational institution, URI was able to obtain a time-based subscription license to a suite of software under the EULA with specially set pricing.

17. The EULA executed by URI with an effective date of February 6, 2006 provides that "federal and state courts within Santa Clara County, California shall have exclusive jurisdiction to adjudicate any dispute arising out of this Agreement. URI "consent[ed] to the personal jurisdiction of, and venue in, such courts and service of process."

18. Synopsys and URI entered into another EULA and maintenance agreement signed February 15, 2012, containing provisions prohibiting tampering with or attempting to circumvent or disable any License Key.

**URI's Unauthorized Access to Synopsys Software**

19. In reliance on the terms of the EULA and Synopsys' belief that URI would abide by the conditions set forth in the license agreements, Synopsys provided URI with license keys needed to access the EDA applications licensed under the EULAs.

20. Starting in or around November 2020, URI began using counterfeit license keys to circumvent the Synopsys License Key system and access and use Synopsys' EDA software, including at least its HSPICE product, without authorization.

21. The Counterfeit license keys used by URI support unlimited licenses for virtually all Synopsys tools.

22. Upon information and belief, in the course and scope of their employment and for purposes benefiting URI, multiple URI employees used counterfeit license keys to circumvent the Synopsys License Key access-control system over 135,000 times on at least two workstations connected to URI's network. One of the user profiles associated with these workstations appears to belong to a URI professor.

23. URI knew or had reason to know that its access and use of Synopsys' software was unauthorized and in violation of the DMCA and Synopsys' rights in its valuable copyrightable works. The fact that URI has entered into license agreements with Synopsys put it on notice that using counterfeit license keys to access and use Synopsys software was unauthorized and unlawful.

24. URI bypassed Synopsys license key system by using counterfeit keys to access Synopsys software without authorization. The counterfeit keys used by URI allow it to continue to access and use Synopsys software without authorization.

**FIRST CLAIM FOR RELIEF**

**(Violations of the Digital Millennium Copyright Act, 17 U.S.C. § 1201)**

25. Synopsys hereby restates and re-alleges the allegations set forth in paragraphs 1 through 28 above and incorporates them by reference.

26. Section 1201(a)(1) provides, in pertinent part, that no person shall circumvent a technological measure that effectively controls access to a work protected under this title.

27. Synopsys software, including HSPICE, is subject to protection under the copyright laws of the United States.

28. Access to Synopsys Tools, including HSPICE, is controlled by technological measures that effectively control access to Synopsys Tools.

29. URI used counterfeit license keys to access and use Synopsys Tools without authorization. URI has accessed Synopsys tools without authorization through the use of counterfeit keys over 135,000 times.

30. The conduct described above has resulted in harm to Synopsys in the loss of control over its software, lost revenue, and harm to its goodwill with customers.

31. The conduct described above was willful and done with knowledge of wrongdoing; an award of damages is necessary to deter Defendants and others from accessing Synopsys software without authorization.

32. Accordingly, pursuant to 17 U.S.C. § 1203, Synopsys is entitled to and hereby demands actual damages in an amount subject to proof at trial. In the alternative, Synopsys is entitled to and hereby demands statutory damages on a per-circumvention basis. Synopsys submits that the maximum statutory damages amount is warranted for each of the violation in light of all the circumstances.

33. Synopsys is further entitled to an award of attorneys' fees and costs as provided under 17 U.S.C. § 1203.

34. Defendants' conduct, unless enjoined and restrained by the Court, will cause irreparable harm to Synopsys, which has no adequate remedy at law. Pursuant to 17 U.S.C. § 1203, Synopsys is entitled to a preliminary and permanent injunction prohibiting further violations of § 1201.

## PRAYER FOR RELIEF

WHEREFORE, Synopsys prays for judgment against Defendants as follows:

A. Entry of judgment in favor of Synopsys against Defendants;

B. An order awarding Synopsys statutory or actual damages for each instance on which Defendants circumvented measures controlling access to Synopsys' software pursuant to 17 U.S.C. § 1203;

C. An order awarding Plaintiff Synopsys, Inc. general and specific damages;

D. Prejudgment and post-judgment interest;

E. An order awarding Synopsys its costs and attorneys' fees pursuant to 17 U.S.C. § 1203;

F. An order for an accounting of all gains, profits, cost savings and advantages realized by Defendants from their acts;

G. An order preliminarily and permanently enjoining Defendants, their officers, agents, servants, employees, attorneys, and affiliated companies, its assigns and successors in interest, and those persons in active concert or participation with them, from circumventing or aiding and abetting others to circumvent Synopsys' License Key system or other technological measures that control access to Synopsys' works in violation of 17 U.S.C. § 1201; and

H. All such further and additional relief, in law or equity, to which Synopsys may be entitled or which the Court deems just and proper.

Dated: January 25, 2021

ORRICK, HERRINGTON & SUTCLIFFE LLP

By: */s/ Denise M. Mingrone*

DENISE M. MINGRONE

Attorneys for Plaintiff, SYNOPSYS, INC.