1  DENISE M. MINGRONE (SBN 135224)
   dmingrone@orrick.com
2  ROBERT URIARTE (SBN 258274)
   ruriarte@orrick.com
3  MARIA N. SOKOVA (SBN 323627)
   msokova@orrick.com
4  ORRICK, HERRINGTON & SUTCLIFFE LLP
   1000 Marsh Road
5  Menlo Park, CA  94025-1015
   Telephone:   +1 650 614 7400
6  Facsimile:   +1 650 614 7401

7  Attorneys for Plaintiff
   SYNOPSYS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYNOPSYS, INC., <br><br> Plaintiff, <br><br> v. <br><br> UNIVERSITY OF RHODE ISLAND, and DOES 1-10, inclusive, <br><br> Defendants. | Case No. 5:21-cv-00581-BLF <br><br> **[PROPOSED] ORDER GRANTING PLAINTIFF SYNOPSYS, INC.'S EX PARTE MOTION FOR (1) TEMPORARY RESTRAINING ORDER; (2) EXPEDITED DISCOVERY; AND (3) SETTING STATUS CONFERENCE** |

ORRICK, HERRINGTON & SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

[PROPOSED] ORDER GRANTING
PLAINTIFF'S EX PARTE MOTION FOR
TRO;  ORDER FOR EXPEDITED
DISCOVERY; AND ORDER SETTING
STATUS CONFERENCE
CASE NO. 5:21-CV-00581-BLF

The Court, having considered Plaintiff Synopsys, Inc.'s ("Synopsys") notice of motion and motion for entry of a temporary restraining order and order to show cause as to why a preliminary injunction should not be entered, and for an order granting expedited discovery, the ("Motion"), the opposition thereto and having heard the oral argument of counsel and having found good cause to do so, hereby orders as follows:

1. Synopsys' Motion is GRANTED. The Court finds that Synopsys is likely to succeed on the merits of its claim that the University of Rhode Island ("URI") has violated the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. §§ 1201 et seq. by circumventing Synopsys' technological measures to gain unauthorized access to Synopsys copyright protected software. *MDY Indus., LLC v. Blizzard Entm't, Inc*., 629 F.3d 928, 952 (9th Cir. 2010), as amended on denial of reh'g (Feb. 17, 2011), opinion amended and superseded on denial of reh'g, No. 09-15932, 2011 WL 538748 (9th Cir. Feb. 17, 2011); *Apple, Inc. v. Psystar Corp*., 673 F. Supp. 2d 931, 934, 942 (N.D. Cal. 2009), aff'd, 658 F.3d 1150 (9th Cir. 2011). Synopsys further establishes that diminution in market share, reputational harm, lost profits, and unfair competition with unlicensed services constitute irreparable harm. *eBay, Inc. v. Bidder's Edge, Inc*., 100 F. Supp. 2d 1058, 1066 (N.D. Cal. 2000) (citing *People of California ex rel. Van De Kamp v. Tahoe Reg'l Planning Agency*, 766 F.2d 1316, 1319 (9th Cir. 1985)); *Disney Enterps, Inc. v. VidAngel, Inc*., 869 F.3d 848, 866 (9th Cir. 2017); see also A&M Records v. Napster, Inc., 239 F.3d 1004, 1017 (9th Cir. 2001). The balance of equities similarly weighs in Synopsys' favor. Further, an injunction would not harm Defendant because an injunction would do no more than require Defendant to comply with federal and state anti-piracy laws. *Dish Network, L.L.C. v. SatFTA*, 2011 WL 856268, at *8 (N.D. Cal. Mar. 9, 2011). Finally, public interest favors enforcement of the DMCA and preventing copyright infringement. *SatFTA*, 2011 WL 856268, at *8; *Flextronics Int'l, Ltd. v. Parametric Tech., Corp*., 2013 WL 5200175, at *8 (N.D. Cal. Sept. 16, 2013).

2. The Court further finds that unless a temporary restraining order is granted, irreparable harm will result to Synopsys before the matter can be heard on noticed motion; *Disney*

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 1 -

[PROPOSED] ORDER GRANTING
PLAINTIFF'S EX PARTE MOTION FOR
TRO; ORDER FOR EXPEDITED
DISCOVERY; AND ORDER SETTING
STATUS CONFERENCE
CASE NO. 5:21-CV-00581-BLF

*Enterprises, Inc.*, 869 F.3d 848; and

    3.    The Court further finds that there is good cause to allow expedited forensic discovery of URI's devices associated with the following userIDs: yubi and jingyang as well as the devices associated with the below Hostnames and Mac Addresses:

| Hostname | MAC addresses |
| --- | --- |
| yubi-Workstation1 | 04:D4:C4:5D:40:A2, 04:D4:C4:5D:40:A3 |
| jingyang-Workstation0 | A4:BB:6D:44:79:74 |

*Apple Inc. v. Samsung Elecs. Co., Ltd.*, 2011 U.S. Dist. LEXIS 53233, at *4 (N.D. Cal. May 18, 2011).

THEREFORE, and with good cause shown,

IT IS HEREBY ORDERED that defendant URI, its representatives, officers, agents, directors, affiliates, servants, employees, students, and all persons acting in concert or participation with it, including employees and independent contractors, are enjoined from directly or indirectly accessing, using, transferring, or copying, in any way, any Synopsys software without authorization from Synopsys.

IT IS FURTHER ORDERED that defendant URI, its representatives, officers, agents, directors, affiliates, servants, employees, and all persons acting in concert or participation with it, including employees and independent contractors, shall immediately preserve all evidence that may relate to this matter, including all hard copy materials and all computer hard drives and other electronic devices in their possession, custody, or control.

IT IS FURTHER ORDERED that the devices used by the individuals associated with the identified userIDs yubi and jingyang as well as the devices associated with the below Hostnames and Mac Addresses which directly or indirectly access any Synopsys software or products and are in URI's possession, custody, or control, shall be immediately made accessible to a neutral third-party forensic consultant, whether FTI Consulting, URI's third-party consultant, or both, and that

1  such third-party consultants be permitted to participate or at least observe the imaging process,

2  which shall occur at URI, where the devices are located.  The images shall remain in URI's

3  possession until the parties establish the forensic protocol, after which the applicable third-party

4  consultant shall make available said images to FTI or URI's third-party consultant, as applicable.

5  The parties shall enter a forensic protocol and Protective Order by Tuesday February 9, 2021 by

6  4:00 p.m. or notify the Court by that time if any issues with respect to the protocol remain.

| Hostname | MAC addresses |
|---|---|
| yubi-Workstation1 | 04:D4:C4:5D:40:A2, 04:D4:C4:5D:40:A3 |
| jingyang-Workstation0 | A4:BB:6D:44:79:74 |

12  IT IS FURTHER ORDERED that pursuant to Federal Rule of Civil Procedure 65, the

13  court enjoins URI for thirty (30) days.   The parties shall appear before this Court on March 4,

14  2021 at 11:00 a.m. for a status conference.

16  IT IS SO ORDERED.

18  DATED:  February 4, 2021

_____
HONORABLE BETH LABSON FREEMAN
UNITED STATES DISTRICT JUDGE

- 3 -

[PROPOSED] ORDER GRANTING
PLAINTIFF'S EX PARTE MOTION FOR
TRO; ORDER FOR EXPEDITED
DISCOVERY
CASE NO. 5:21-CV-00581-BLF

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY